Sucesores de José González & Cía., Peticionaria y Apelada, *v.* Asamblea Municipal de Guayama, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de Guayama en un recurso de *certiorari*.

No. 2543.—Resuelto en enero 23, 1923.

Ordenanzas Municipales — Arbitrios Municipales — Contribución sobre la Propiedad.—Impone un arbitrio y no una contribución sobre la propiedad una ordenanza municipal que dispone que toda persona, sociedad o corporación que transporte fuera de la jurisdicción municipal caña de azúcar o jugo de caña (guarapo) pagará al municipio ocho centavos por cada tonelada que transportare; y aunque el pago del arbitrio pueda afectar indirectamente a la propiedad, no por esto es una doble contribución sobre la misma. Las asambleas municipales tienen facultad para crear tales arbitrios, de acuerdo con el artículo 49, apartado "f," de la Ley Municipal, según quedó enmendado por la Ley núm. 9 de 1920.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. C. Domínguez Rubio.*

Abogados de la apelada: *Sres. M. A. Martínez* y *A. Arroyo.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

La Asamblea Municipal de Guayama aprobó el 14 de marzo de 1921 una ordenanza creando fondos para el tesoro municipal, que sería conocida como ordenanza de arbitrios adicionales, cuya sección tercera, en su apartado (c), dispone que "Toda persona, sociedad o corporación que transporte fuera de la jurisdicción de Guayama, caña de azúcar, o jugo de caña de azúcar (guarapo) pagará al Municipio de Guayama ocho centavos por cada tonelada que transportare; Disponiéndose, que para el cobro de este arbitrio la persona, sociedad o corporación que transportare las susodichas cañas o guarapo está obligada a sacar una licencia previa y remitir mensualmente al Municipio un *report* de la caña o guarapo transportado." En la sección quinta se establece una pena por la infracción de la ordenanza.

Contra esa ordenanza la sociedad agrícola Sucesores de José González y Compañía estableció un recurso de *certiorari* ante la Corte de Distrito de Guayama para que la declarase nula en cuanto al apartado citado alegando que es contribuyente a dicho municipio y propietaria de bienes inmuebles dedicados a la siembra de caña de azúcar que muele en la Central Aguirre, sita en la jurisdicción de Salinas, hacia donde se ve obligada a transportar y transporta sus referidas cañas, y que dicha ordenanza es anticonstitucional por estar en conflicto con nuestra Ley Orgánica y la vigente Ley Municipal, por establecer, sin autoridad de ley, un derecho de exportación y a la vez una doble contribución sobre la propiedad de la peticionaria y por no ser un arbitrio.   Dictada sentencia de conformidad con dicha petición, fué establecida esta apelación por la Asamblea Municipal de Guayama.

La cuestión fundamental en este caso es si la Asamblea Municipal de Guayama tiene autoridad para establecer el arbitrio que ha dado lugar a este litigio.

La ordenaza claramente impone un arbitrio y no una contribución sobre la propiedad de la caña o guarapo porque ha de ser pagada por la persona, sociedad o corporación que transporte la caña o guarapo, sin tener en cuenta si es o no de su propiedad.   La obligación de pagar se impone al negocio de transporte de caña o guarapo, o sea, a la ejecución del acto de transportarlos y por esto es un arbitrio; y aunque su pago pueda afectar indirectamente a la propiedad no por esto es una doble contribución sobre ella.   26 R. C. L. págs. 35 y 36.   Sentado esto, veamos si el municipio de Guayama está autorizado para la imposición de dicho arbitrio.

Nuestra Ley Orgánica de 1917 en su sección tercera faculta para fines de los gobiernos insular y municipal, respectivamente, según se provea y defina por la Asamblea Legislativa de Puerto Rico, para establecer contribuciones e impuestos sobre la propiedad, rentas internas, derechos sobre licencias y franquicias, privilegios y concesiones; y la sec-

ción 37 de la misma concede a la autoridad legislativa por ella establecida, la facultad de crear, consolidar y reorganizar los municipios. De acuerdo con estos preceptos nuestra legislatura decretó en 1919 la Ley Municipal que dispone en su artículo 49, apartado "*f*," según quedó enmendado por la Ley Núm. 9 de 1920, que los ingresos municipales consistirán, entre otros que no son del caso ahora, en cualquier impuesto, arbitrio o contribución que se decretare por las dos terceras partes de los miembros de la asamblea municipal siempre que el objeto o materia de la contribución no lo fuere de algún impuesto federal o insular. Por consiguiente, no puede sostenerse que el municipio de Guayama no tenga facultad para imponer el arbitrio que estableció en su dicha ordenanza y que sea ilegal su cobro; cuestión que ya hemos decidido en el caso de *Sucesores de C. y J. Fantauzzi* v. *La Asamblea Municipal de Arroyo,* 30 D. P. R. 423.

Pero se sostiene por la parte apelada, y en esto descansa la sentencia de la corte inferior, que puesto que los municipios sólo tienen jurisdicción dentro de sus límites territoriales, no puede el de Guayama imponer el arbitrio que discute a la caña o guarapo cuando se está transportando a Salinas, fuera de su demarcación territorial. Es cierta la primera parte del argumento pero no lo es la segunda, porque el arbitrio no se ha impuesto a la caña cuando se está transportando fuera de la jurisdicción del municipio de Guayama, sino al negocio que hace en Guayama el que transporte caña o guarapo de la demarcación territorial de Guayama a otro municipio.

Por las razones expuestas, la sentencia apelada debe ser revocada y declararse sin lugar el recurso de *certiorari,* sin especial condena de costas.

> *Revocada la sentencia apelada y sin lugar el* certiorari.

Jueces concurrentes: Sres. Presidente del Toro y Asociado Hutchison.

Los Jueces Asociados Sres. Wolf y Franco Soto no intervinieron en la resolución de este caso.